# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Silvia Pauline Boyer, | ) | |
|                 Plaintiff, | ) | Case No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| Ditech Financial, LLC, | ) | |
| | ) | |
| Serve Registered Agent at: | ) | |
| The Corporation Company, Inc. | ) | |
| 112 S.W. 7th St., Suite 3C | ) | |
| Topeka, KS 66603 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Equifax Information Services, LLC, | ) | |
| | ) | |
| Serve Registered Agent at: | ) | |
| Corporation Service Company | ) | |
| 2900 S.W. Wanamaker Dr., Suite 204 | ) | |
| Topeka, KS 66614 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Experian Information Solutions, Inc., | ) | |
| | ) | |
| Serve Registered Agent at: | ) | |
| The Corporation Company, Inc. | ) | |
| 112 S.W. 7th St., Suite 3C | ) | |
| Topeka, KS 66603 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Trans Union, LLC, | ) | |
| | ) | |
| Serve Registered Agent at: | ) | |
| The Prentice-Hall Corporation System, | ) | |
| Kansas, Inc. | ) | |
| 2900 S.W. Wanamaker Dr., Suite 204 | ) | |
| Topeka, KS 66614 | ) | |
| | ) | |
|                 Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Silvia Pauline Boyer, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq.*, in her Complaint for Damages states and alleges to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumer Silvia Pauline Boyer against Ditech Financial, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that all defendants transact business in the state of Kansas and Kansas is where the injuries occurred.

## PARTIES AND SERVICE

3. Silvia Pauline Boyer (hereafter "**Plaintiff**"), is a natural person who, at all times relevant, resides in the State of Kansas.

4. Defendant Ditech Financial, LLC hereafter ("**Defendant Ditech**"), is a business entity servicing mortgage loans in Kansas and may be served through its Registered Agent, The Corporation Company, Inc., at 112 S.W. 7th St., Suite 3C, Topeka, KS 66603.

5. Defendant Equifax Information Services, LLC, hereafter ("**Defendant Equifax**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, Corporation Service Company, at 2900 S.W. Wanamaker Dr., Suite 204, Topeka, KS 66614.

6. Defendant Experian Information Solutions, Inc., hereafter ("**Defendant Experian**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, The Corporation Company, Inc., at 112 S.W. 7th St., Suite 3C, Topeka, KS 66603.

7. Defendant Trans Union, LLC, hereafter ("**Defendant TU**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, The Prentice-Hall Corporation System, Kansas, Inc., at 2900 S.W. Wanamaker Dr., Suite 304, Topeka, KS 66614.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On December 5, 2011, Plaintiff filed a Chapter 13 Bankruptcy in the District of Kansas, Case No. 11-23724-rdb.

9. The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on December 9, 2011, showing Bank of America, N.A. was sent notice of Plaintiff's bankruptcy.

10. The BNC Certificate of Mailing of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

11. Plaintiff had a first mortgage with Bank of America, N.A. to be paid through Plaintiff's Chapter 13 Plan.

12. The debt owed to Bank of America, N.A. was excepted from discharge.

13. The pertinent pages of Plaintiff's Chapter 13 Plan are attached as Exhibit B.

14. Bank of America, N.A. transferred the mortgage debt to Green Tree Servicing, LLC on June 17, 2013.

15. Transfer of Claim is attached as Exhibit C.

3

16. Green Tree Servicing changed its name to Ditech Financial, LLC on August 31, 2015.

17. Plaintiff received her discharge on August 18, 2016.

18. The Notice of Discharge of Debtor After Completion of Chapter 13 Plan was entered on August 20, 2016, showing Ditech Financial, LLC was sent notice of Plaintiff's discharge.

19. The BNC Certificate of Mailing of the Notice of Discharge of Debtor After Completion of Chapter 13 Plan is attached as Exhibit D.

20. On or about November 10, 2016, Plaintiff requested and reviewed her credit reports from Defendant Equifax, Defendant Experian and Defendant TU.

21. Plaintiff became aware that Defendant Ditech was misreporting information on her credit reports.

22. Defendant Ditech was reporting incorrectly on Plaintiff's Equifax and Trans Union credit reports that the debt owed to Defendant Ditech was discharged with a $0 balance and no current payment history.

23. Defendant Ditech was reporting incorrectly on Plaintiff's Experian credit reports that the debt owed to Defendant Ditech was included in bankruptcy with a Past Due Amount of $1,788 with last date of status in December 2011 and no current payment history.

24. The pertinent pages of Plaintiff's incorrect credit reports are attached as Exhibit E.

25. However, Plaintiff excepted the debt owed to Defendant Ditech from her Chapter 13 discharge.

4

26. On November 10, 2016, Plaintiff sent letters with her bankruptcy information to Defendant Equifax, Defendant Experian and Defendant TU disputing Defendant Ditech's incorrect reporting in accordance with 15 U.S.C. § 1681i.

27. Copies of Plaintiff's dispute letters are attached as Exhibit F.

28. Defendants Equifax, Defendant Experian, Defendant TU sent Consumer Dispute Verifications to Defendant Ditech as required by 15 U.S.C. §1681i.

29. Defendant Ditech failed to correct Plaintiff's credit reports, and the incorrect reporting remains on Plaintiff's Experian and Trans Union credit reports, and the Ditech account was incorrectly removed from Plaintiff's Equifax credit report.

30. The pertinent page of Plaintiff's incorrect Experian and Trans Union credit reports are attached as Exhibit G.

31. Defendant Ditech's failure to conduct a reasonable investigation of Plaintiff's account, as reported to Defendant Equifax, Defendant Experian, and Defendant TU was a substantial factor causing Plaintiff reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

32. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## DEFENDANT DITECH
## VIOLATIONS OF THE FCRA

33. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in this Complaint.

5

34. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

35. Defendant Ditech qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

36. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

37. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

38. The FCRA also provides privately enforceable duties where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

39. After receipt of a disputed account from a CRA, a furnisher has a duty to reinvestigate and review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

40. The courts have consistently adopted the standard that the furnisher's reinvestigation must be evaluated under a reasonable investigation standard, which should be evaluated from a number of factors.

41. The furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

42. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

43. It is important to keep in mind that the duties of furnishers of information

imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

44. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

45. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees. 15 U.S.C. § 1681n.

46. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

47. After receiving notice of Plaintiff's dispute letters from Defendant Equifax, Defendant Experian, and Defendant TU, Defendant Ditech should have conducted a reinvestigation and properly updated the information reported on Plaintiff's account, but failed to do so.

48. As a result of the actions of Defendant Ditech, Plaintiff suffered damages including reduced credit scores, emotional distress and frustration.

49. The plain language of the FCRA's damages provisions permits Plaintiff to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

50. Further, minimum statutory damages between $100 and $1000 per violation,

7

punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

51. Defendant Ditech was notified by Defendant Equifax, Defendant Experian and Defendant TU of Plaintiff's dispute letters requesting an investigation that it was reporting inaccurate information on Plaintiff's credit reports.

52. Defendant Ditech elected to ignore that information it received, failed to do a reasonable investigation and refused to correct Plaintiff's credit reports.

53. The purpose of the investigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

54. Defendant Ditech knew it was required by law to have investigation procedures and protocols in place to conduct an investigation of Plaintiff's account information and Defendant Ditech's failure and refusal to have proper procedures in place to conduct a reasonable investigation of Plaintiff's account constitutes willful, conscious and reckless disregard for Plaintiff's rights, including those under the FCRA.

55. Defendant Ditech's failure and refusal to conduct a reasonable investigation and correct the information Defendant Ditech is furnishing to Defendant Equifax, Defendant Experian and Defendant TU concerning Plaintiff's account constitutes a willful violation of the FCRA.

56. Defendant Ditech fails and refuses to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

57. This failure and refusal is compounded by Defendant Ditech's failure and refusal to have the proper policies and procedures in place to investigate and correct mistakes reporting

to the credit reporting agencies and is willful, intentional and in conscious disregard of the rights of Plaintiff and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant Ditech in such sum as will deter Ditech Financial, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT II
## DEFENDANT EQUIFAX
## VIOLATIONS OF THE FCRA

58. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

59. Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

60. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

61. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to Plaintiff for engaging in the following conduct:

   a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiff in violation of 15 U.S.C. §1681i(a);

   b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to Defendant Ditech, in violation of 15 U.S.C. §1681i(a);

   c. Willfully and negligently failing to provide all relevant information

provided by Plaintiff regarding the dispute of the inaccurate information to Defendant Ditech, in violation of 15 U.S.C. §1681i(a);

d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

e. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from Plaintiff; and

f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

62. Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant Equifax in such sum as will deter Equifax Information Services, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT III
## DEFENDANT EXPERIAN
## VIOLATIONS OF THE FCRA

63. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

64. Defendant Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

65. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

66. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Experian is liable to Plaintiff for engaging in the following conduct:

    a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiff in violation of 15 U.S.C. §1681i(a);

    b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to Defendant Ditech, in violation of 15 U.S.C. §1681i(a);

    c. Willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to Defendant Ditech, in violation of 15 U.S.C. §1681i(a);

    d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    e. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from Plaintiff; and

    f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

67. Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant Experian in such sum as will deter Experian Information Solutions, Inc. and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT IV
## DEFENDANT TU
## VIOLATIONS OF THE FCRA

68. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

69. Defendant TU is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

70. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

71. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant TU is liable to Plaintiff for engaging in the following conduct:

   a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiff in violation of 15 U.S.C. §1681i(a);

   b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to Defendant Ditech, in

      violation of 15 U.S.C. §1681i(a);

c. Willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to Defendant Ditech, in violation of 15 U.S.C. §1681i(a);

d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

e. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from Plaintiff; and

f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

72. Defendant TU's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant TU is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant TU in such sum as will deter Trans Union, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Silvia Pauline Boyer respectfully requests this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Correction of all misreported information on Plaintiff's Equifax, Experian and Trans Union credit reports;

f. For such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

/s/ Chelsea S. Springer
Chelsea S. Springer #20522
The Law Offices of Tracy L. Robinson, LC
818 Grand Boulevard, Suite 505
Kansas City, MO  64106
Phone:  (816) 842-1317
Fax:      (816) 842-0315
chelseas@tlrlaw.com
Attorney for Plaintiff